United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51143
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN LONGORIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
No. 3:04-CR-1788-ALL
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Juan Longoria was convicted by a jury of conspiracy to possess with intent to distribute 50 kilograms or more of marihuana and possession with intent to distribute 50 kilograms or more of marihuana, in violation of 21 U.S.C. §§ 841 and 846. He was sentenced to 55 months of imprisonment on both counts to run concurrently, three years of supervised release, and a fine of $1,500.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Longoria, proceeding pro se, argues that the district court erred when it sentenced him under U.S.S.G. § 2D1.1. He contends that he was found guilty of possessing 50 kilograms or more of marihuana and that the court erroneously set his base offense level at 24 and that his base offense level should have been 20. He seeks resentencing under United States v. Booker, 543 U.S. 220 (2005), because the jury found him guilty of having only 50 kilograms or more.

Longoria's challenge to the finding that his base offense level was 24, and his challenge based on Booker, are raised for the first time on appeal and so must be reviewed for plain error. See United States v. Vargas-Garcia, 434 F.3d 345, 347 (5th Cir. 2005), cert. denied, 126 S. Ct. 1894 (2006). Longoria stipulated that the marijuana seized was 91.59 kilograms. The district court did not plainly err in determining that the base offense level is 24, based on 91.59 kilograms. See § 2D1.1(c)(8) (level 24 for 80 to 100 kilograms of marihuana).

Longoria was sentenced after Booker was decided and under the advisory sentencing regime. In the wake of Booker, in determining the guideline range, a court determines all facts relevant to sentencing in the same manner as before Booker. United States v. Johnson, 445 F.3d 793, 798 (5th Cir.), cert. denied, 126 S. Ct. 2884 (2006). The district court was not limited to a drug quantity determined by the jury, as Longoria suggests. Based on Longoria's stipulation of 91.59 kilograms, the court did not plainly err in

basing his sentence on that amount.

Longoria argues that the court erred in sentencing him to a greater and a lesser included offense. He reasons that his convictions under §§ 846 and 841 violate double jeopardy. Because he did not raise this issue in the district court, we review for plain error. See United States v. Odutayo, 406 F.3d 386, 392 (5th Cir.), cert. denied, 126 S. Ct. 238 (2005).

A substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes. United States v. Pena-Rodriguez, 110 F.3d 1120, 1131 n.11 (5th Cir. 1997) (citing United States v. Felix, 503 U.S. 378, 389 (1992)). Longoria's argument that being charged with, convicted of, and punished for the conspiracy and substantive counts subjected him to double jeopardy does not establish plain error.

Longoria contends that the district court erred in denying him a minimal or minor role adjustment pursuant to § 3B1.2(a) or (b). He urges that he was only a "mule" or courier of a small amount of marihuana. The record indicates, however, that he played an integral role in driving a tractor-trailer transporting 91.59 kilograms of marihuana hidden in the sleeper compartment of his tractor. Longoria had transported three previous loads. The district court did not clearly err in finding that he is not entitled to a downward adjustment for a mitigating role in the offense. See United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989).

AFFIRMED.